IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr13

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| ANTONIO DELREA SMITH | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's Motion to Set Aside Plea Agreement (Doc. No. 13), the government's Response (Doc. No. 17), the defendant's Motion to Supplement Evidence and Strike Testimony (Doc. No. 19), the government's Response (Doc. No. 21), the magistrate judge's Memorandum and Recommendation (Doc. No. 22), and the defendant's Objections (Doc. No. 23). For the reasons stated below, the Court adopts the magistrate judge's memorandum, and, therefore, DENIES the defendant's motions.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the defendant's motion to withdraw his guilty plea. After an evidentiary hearing on the motion, the defendant moved to supplement the evidence presented at the hearing. The magistrate judge then issued a Memorandum and Recommendation on March 23, 2006, recommending that both of the defendant's motions be denied. On April 6, 2006, the defendant filed objections arguing: (1) that the magistrate judge incorrectly weighed the defendant's testimony at his Plea and Rule 11 hearing against alleged "extra-record" events; (2) that the magistrate judge incorrectly concluded that the defendant had the benefit of close assistance of competent counsel when he entered his guilty plea; (3) that the magistrate judge incorrectly found the prior attorney's testimony credible that he did not promise

the defendant he would be released on bond if he pled guilty; (4) that the magistrate judge incorrectly found that there was no negotiated deal other than what was stated in the written plea agreement; (5) that the magistrate judge incorrectly found that the government would be prejudiced and the justice system would be inconvenienced if the defendant were allowed to withdraw his plea; and (6) that the magistrate judge incorrectly concluded that the current attorney's conversations with unnamed Sheriff's Department employees were insufficient to discredit a federal agent's testimony about his review of jail records showing the dates and times the previous attorney met with the defendant.

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)). Where timely objections are not filed, a district court is not required to conduct a de novo review, but must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Id. (quoting Fed. R. Civ. P. 72 advisory committee note) (internal quotation omitted). Accordingly, the Court has conducted a de novo review of those portions of the magistrate judge's decision specifically objected to by the defendant and has conducted a careful review of the remainder for clear error. The Court has considered the transcripts of the defendant's Plea and Rule 11 Hearing (Doc. No. 17: Response, Exhibit 1), and the evidentiary hearing before the magistrate judge (Doc. No. 20), as well as the defendant's letter dated September 10, 2005 (Doc. No. 10). The Court has also listened to a recording of the hearing on September 28, 2005, after which the previous attorney was allowed to withdraw.

Upon consideration of the evidence presented at the evidentiary hearing conducted before the magistrate judge, the submissions of the parties, and the other materials described above, the Court finds, for the reasons stated in the Memorandum and Recommendation, that the defendant has failed to establish a fair and just reason for withdrawing his guilty plea. Fed. R. Crim. P. 11(d)(2)(B); United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Additionally, the Court finds, for the reasons stated in the Memorandum and Recommendation, that the defendant has not established a sufficient basis to supplement the evidentiary hearing and strike the agent's testimony as perjured.

The Court notes that the defendant's Motion to Supplement and Strike only referenced the current attorney's conversations with unnamed Sheriff's Department employees. (Doc. No. 19: Motion at 2-3). Jail records were not provided until the defendant objected to the magistrate judge's Memorandum and Recommendation. (Doc. No. 23: Objections, Exhibit 2). Therefore, they were not before the magistrate judge when he issued his decision. However, those records actually support, rather than contradict, the agent's testimony. The agent testified that he was unable to print jail records that he reviewed on a computer system showing the dates and times the previous attorney met with the defendant. (Doc. No. 20: Agent Cheramie, TR at 47-50). The printed records show the attorney's visits on the same dates and times. (Doc. No. 23: Objections, Exhibit 2 at 6, 10, 15, 18, 19, 23).

**IT IS, THEREFORE, ORDERED,** that the defendant's Motion to Set Aside Plea Agreement (Doc. No. 13) and Motion to Supplement Evidence and Strike Testimony (Doc. No. 19) are **DENIED**.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, and the United States Attorney.

Signed: May 18, 2006

Robert J. Conrad, Jr.
United States District Judge